Slip Op. 11-47

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                :
SHANDONG MACHINERY IMPORT &     :
EXPORT COMPANY.,                :
                                :
      Plaintiff,                :
                                : Before: Richard K. Eaton, Judge
         v.                     :
                                : Court No. 07-00355
UNITED STATES,                  :
                                :
      Defendant,                :
                                :
and                             :
                                :
AMES TRUE TEMPER and COUNCIL    :
TOOL COMPANY, INC.,             :
                                :
      Defendant-Intervenors.    :
_____ :
```

MEMORANDUM OPINION

[United States Department of Commerce's Results of Redetermination Pursuant to Remand affirmed.]

Dated: April 26, 2011

*Hume & Associates LLC* (*Robert T. Hume*), for plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Department of Justice, Commercial Litigation Branch, Civil Division (*Michael D. Panzera*); Office of Chief Counsel for Import Administration, U.S. Department of Commerce (*Shana Hofstetter*), of counsel, for defendant.

*Wiley Rein LLP* (*Alan H. Price, Timothy C. Brightbill, Maureen E. Thorson*), for defendant-intervenor Ames True Temper.

*Kelley Drye & Warren* (*Eric McClafferty*), for defendant-intervenor Council Tool Company, Inc.


Eaton, Judge: This matter is before the court following a

second remand to the Department of Commerce (the "Department" or "Commerce").  *See* Final Results of Redetermination Pursuant to Court Remand (Dep't of Commerce Dec. 2, 2010) ("Remand Results").  The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii) (2006).  For the reasons set forth below, the Remand Results are sustained.

## STANDARD OF REVIEW

When reviewing Commerce's final antidumping determinations, the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . . ." 19 U.S.C. § 1516a(b)(1)(B)(i).

## BACKGROUND

The case arises out of the Department's fifteenth administrative review of the antidumping duty orders covering heavy forged hand tools ("HFHTs") from the People's Republic of China (the "PRC") for the period of review February 1, 2005 through January 30, 2006.  *See* HFHTs, Finished or Unfinished, With or Without Handles, From the PRC, 72 Fed. Reg. 51,787 (Dep't of Commerce Sept. 11, 2007) (final results).  The relevant facts are set forth fully in the court's previous opinions in this case, familiarity with which is presumed.  *See Shandong Mach.*

*Imp. & Exp. Co. v. United States,* 32 CIT \_\_, Slip Op. 09-64 (June 24, 2009) (not reported in Federal Supplement) ("*Shandong I*"); *Shandong Mach. Imp. & Exp. Co. v. United States*, 33 CIT \_\_, Slip Op. 10-88 (Aug. 11, 2010) (not reported in Federal Supplement) ("*Shandong II*").

In *Shandong I*, the court held that the adverse facts available ("AFA") rate of 45.25 percent Commerce assigned to the PRC-wide entity, including plaintiff Shandong Machinery Import and Export Company ("SMC"), was not corroborated, as required by 19 U.S.C. § 1677e(c). *Shandong I*, Slip Op. 09-64 at 19-20. Accordingly, the court remanded the matter to the Department to select a corroborated AFA rate, in accordance with § 1677e(c). On remand, Commerce noted that it could corroborate the 45.25 percent AFA rate using SMC's sales data from the previous administrative review. Final Results of Redeterm. Pursuant to Court Remand (Dep't of Commerce Jan. 7, 2010) ("Shandong I Remand Results") at 9. Because the court in *Shandong I* instructed Commerce to select a "different" rate, however, the Department determined that it could not apply the 45.25 percent rate, and selected a new PRC-wide rate of 109.16 percent. Shandong I Remand Results 9-10. According to Commerce, the 109.16 percent rate was based on SMC's single transaction margin from the previous administrative review that was closest to the 45.25 percent rate. *See Shandong II*, Slip Op. 10-88 at 5.

In *Shandong II*, the court found that the 109.16 percent AFA rate was punitive, and remanded the matter to Commerce to calculate a new AFA rate. In remanding the matter to Commerce, the court noted that:

> If Commerce is capable of corroborating the 45.25 percent rate, then it may endeavor to do so on remand. The Department shall be mindful, however, that whatever rate it finds must be in accord with its previous finding that the rate of 45.25 percent is sufficient to ensure compliance. Should the Department wish, it may reopen the record and calculate an AFA rate to be applied to the PRC-wide entity for sales of hammers/sledges, with an additional amount to deter future non-compliance.

*Shandong II*, Slip Op. 10-88 at 11.

On remand, Commerce selected the 45.25 percent AFA rate. Remand Results at 12. Commerce found that the highest weighted-average dumping margin for any respondent under the order on HFHTs was 34.56 percent, which was also SMC's own rate in the fourteenth administrative review. The Department determined that 45.25 percent was, therefore, an appropriate rate because

> [t]his rate complies both with the order of the Court to assign a non-punitive rate to hammers/sledges that has been 'corroborated according to its reliability and relevance to the country-wide entity as a whole' and the requirement that we ensure the PRC-wide entity (and SMC as a part of it) does not obtain a more favorable result by failing to cooperate than if it had cooperated fully. This was a calculated rate reflecting the commercial activities of SMC just one year prior to the administrative review currently at issue here.

Remand Results at 11.

Neither SMC nor the defendant-intervenors challenge Commerce's Remand Results.

DISCUSSION

I. Legal Framework

Where, as here, Commerce determines that a respondent in an antidumping investigation has failed to cooperate to "the best of its ability," it may calculate the dumping margin for that respondent based on AFA. *See* 19 U.S.C. § 1677e(b). In determining a PRC-wide rate based on AFA, Commerce may use information from a source identified in 19 U.S.C. § 1677e(b), which includes information derived from the petition, a final determination in the investigation, any prior administrative review, or any other information placed on the record. If Commerce relies on secondary information such as calculated rates from previous reviews, it must "to the extent practicable, corroborate that information from independent sources that are reasonably at [its] disposal." *Id.* at § 1677e(c).

To corroborate secondary information means to "examine whether the secondary information to be used has probative value." *See* 19 C.F.R. § 351.308(d) (2010). A rate has probative value when it is both reliable and relevant. *See Ferro Union, Inc. v. United States,* 23 CIT 178, 202, 44 F. Supp. 2d 1310, 1333 (1999). Thus, "[i]n order to corroborate an AFA rate, Commerce must show that it used 'reliable facts' that had 'some grounding in commercial reality.'" *PSC VSMPO-AVISMA Corp. v. United*

07-00355                                                              Page 6

*States*, 34 CIT \_\_, Slip Op. 2011-25, at 6 (2011) (quoting *Gallant Ocean (Thail.) Co. v. United States*, 602 F.3d 1319, 1324 (Fed. Cir. 2010)).

Although Commerce is given broad discretion in selecting an AFA rate, this discretion is "not unbounded."  *See F.Lii de Cecco di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000).  As the Federal Circuit has explained:

> the purpose of section 1677e(b) is to provide respondents with an incentive to cooperate, not to impose punitive, aberrational, or uncorroborated margins.  It is clear from Congress's imposition of the corroboration requirement in 19 U.S.C. § 1677e(c) that it intended for an adverse facts available rate to be a reasonably accurate estimate of the respondent's actual rate, albeit with some built-in increase intended as a deterrent to non-compliance. Congress could not have intended for Commerce's discretion to include the ability to select unreasonably high rates with no relationship to the respondent's actual dumping margin. Obviously a higher adverse margin creates a stronger deterrent, but Congress tempered deterrent value with the corroboration requirement.

*Id.*


II.  The Department's Application of the 45.42 Percent AFA Rate

The 45.42 percent rate was originally derived from the petition in connection with the original less-than-fair-value investigation in 1991.  The Department, however, demonstrated the reliability and relevance of that rate by using transaction specific rates for SMC during the immediately preceding

fourteenth administrative review.  Remand Results at 10.  In doing so, Commerce found that "the majority of positive individual transaction margins from the [fourteenth administrative review] are higher than 45.42 percent."  Remand Results at 11.  Therefore, 45.42 percent represents a reasonable AFA rate, which is reflective of the PRC-wide entity's, including SMC's, actual commercial activity.

## CONCLUSION

For the foregoing reasons, the court finds that Commerce's selection of 45.42 percent as the AFA rate for the PRC-wide entity, including plaintiff SMC, is supported by substantial evidence and in accordance with law.  Therefore, the Remand Results are sustained, and judgment will be entered accordingly.

                                                /s/ Richard K. Eaton
                                                  Richard K. Eaton

Dated: April 26, 2011
      New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SHANDONG MACHINERY IMPORT & EXPORT COMPANY., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Before: Richard K. Eaton, Judge |
| UNITED STATES, | : : : | Court No. 07-00355 |
| Defendant, | : : | |
| and | : : | |
| AMES TRUE TEMPER and COUNCIL TOOL COMPANY, INC. | : : : | |
| Defendant-Intervenors. | : : | |

JUDGMENT

Upon consideration of the Final Results of Redetermination Pursuant to Court Remand (Dep't of Commerce, December 2, 2010) ("Remand Results") filed by the United States Department of Commerce ("Commerce"), and the comments filed in connection therewith; and upon consideration of all other papers submitted herein, and upon due deliberation, it is hereby

ORDERED that the Commerce's determination in Heavy Forged Hand Tools, Finished or Unfinished, With or Without Handles, from the People's Republic of China, 72 Fed. Reg. 51,787 (Dep't of Commerce Sept. 11, 2007), as modified by the Remand Results, is sustained.

Page 2

The case is hereby dismissed.

                                        /s/ Richard K. Easton
                                        Richard K. Eaton

Dated: April 26, 2011
       New York, New York